1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   CHRIS PYARA on behalf of         No.  2:15-cv-01208-JAM-KJN
     himself, all others similarly
12   situated, and on behalf of
     the general public,
13
                 Plaintiffs,
14                                     **ORDER GRANTING IN PART AND
                                       DENYING IN PART DEFENDANTS'
15        v.                           MOTION FOR JUDGMENT ON THE
                                       PLEADINGS**
16   SYSCO CORPORATION; SYSCO
     SACRAMENTO, INC., A
17   California Corporation; and
     DOES 1-100,
18
                 Defendants.
19

20        This is a wage and hour case brought by plaintiff Chris

21   Pyara ("Pyara") on behalf of similarly situated employees of

22   defendants Sysco Corporation and Sysco Sacramento, Inc.

23   (collectively "Defendants").  Pyara alleges ten causes of action

24   for violations of various provisions of the California Labor Code

25   ("CLC"), associated regulations, and common law.  Defendants now

26   move for judgment on the pleadings pursuant to Federal Rule of

27   Civil Procedure ("Rule") 12(c) for each of the ten causes of

28   action raised by Pyara (Doc. #9).  For the reasons stated below,

                                   1

1  the Court denies in part and grants in part the motion.[1]

2

3        I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

4        Pyara was employed by Defendants as a non-exempt industrial

5  truck driver from October 31, 2011 to November 27, 2013.  Compl.

6  ¶ 18; Tzintun Decl. (Doc. #1-5) ¶¶ 2-3.  During this period,

7  there was a collective bargaining agreement ("CBA") in place

8  between Sysco Sacramento and the International Brotherhood of

9  Teamsters, Local 137, which represented Sysco Sacramento

10  employees.  Tzintun Decl. ¶ 8; Defendants' First Request for

11  Judicial Notice ("D RJN 1") (Doc. #10), Exh. A.

12        On April 13, 2015, Pyara, on behalf of himself and "all non-

13  exempt employees, including . . . hourly industrial truck

14  workers, truck drivers, drivers, or similar job designations and

15  titles who are presently or formerly employed" by Defendants,

16  filed a complaint against Defendants in Sacramento Superior Court

17  alleging that Defendants violated the common law and various

18  provisions of the CLC and associated regulations.  Pyara's first

19  cause of action for "wage theft / time shaving" is based on

20  Defendants' alleged practice of clocking out Pyara for meal and

21  rest periods even when he remained working.  Pyara's second cause

22  of action for failure to pay overtime is based on Defendants'

23  alleged failure to provide meal and rest periods and therefore

24  not correctly classifying certain hours as overtime work.

25  Pyara's third cause of action for failure to provide meal periods

26

27  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28  scheduled for June 14, 2016.

is based on Defendants' alleged policy of requiring Pyara to work through meal periods and to work at least five hours without a meal period and failing to provide a second meal period when Pyara worked shifts of ten hours or more.  Pyara's fourth cause of action for failure to permit rest periods is similarly based on Defendants' alleged policy of requiring Pyara to work through rest periods and work four hours without a rest period.  Based on these alleged practices (wage theft, failure to pay overtime, and failure to provide meal and rest breaks), Pyara alleges that Defendants failed to provide accurate itemized wage statements (fifth cause of action); failed to pay all wages due upon termination (sixth cause of action); were unjustly enriched (seventh cause of action); converted Pyara's wages (eighth cause of action); defrauded Pyara (ninth cause of action); and violated the California Unfair Competition Law ("UCL") (tenth cause of action).  Defendants removed the case to this Court based on federal question jurisdiction and pursuant to the Class Action Fairness Act ("CAFA") (Doc. #1).  Pyara did not oppose removal. Jurisdiction is indeed proper based on CAFA because the parties are minimally diverse, there are over 100 potential class members, and the aggregate amount in controversy is greater than $5 million.  Removal at 6-13.

Defendants moved for judgment on the pleadings of all ten of the causes of action (Doc. #9).  Defendants allege that the first four causes of action are either statutorily barred or preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).  Pyara opposed the motion (Doc. #14).

1

II.   OPINION

2

A.   Legal Standard

3     Defendants bring their motion for judgment on the pleadings

4 pursuant to Rule 12(c), which states that "[a]fter the pleadings

5 are closed—but early enough not to delay trial-a party may move

6 for judgment on the pleadings."  For the purposes of Rule 12(c),

7 the pleadings are closed once an answer has been filed.  Doe v.

8 United States, 419 F.3d 1058, 1061 (9th Cir. 2005).  Since

9 Defendants filed their answer (Doc. #1-2) and the motion will

10 not delay trial, a Rule 12(c) motion is appropriate at this

11 time.

12    Rule 12(c) motions are "functionally identical" to Rule

13 12(b) motions.  Dworkin v. Hustler Magazine Inc., 867 F.2d 1188,

14 1192 (9th Cir. 1989).  "Judgment on the pleadings is proper when

15 the moving party clearly establishes on the face of the

16 pleadings that no material issue of fact remains to be resolved

17 and that it is entitled to judgment as a matter of law."  Hal

18 Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550

19 (9th Cir. 1989).  Just as in Rule 12(b) motions to dismiss,

20 courts must accept as true the allegations of the non-moving

21 party.  Id.

22

B.   Judicial Notice

23    In support of its motion, Defendants ask this court to take

24 judicial notice of the CBA between Sysco Sacramento and the

25 International Brotherhood of Teamsters, Local 137 (Doc. #10).  D

26 RJN 1, Exh. A.  Pyara asks this Court to take judicial notice of

27 (1) the California Legislative Counsel's Digest for Assembly

28 Bill 569 dated February 25, 2009; (2) the California Assembly

4

1   Committee on Labor and Employment file for Assembly Bill 569;

2   and (3) the California Assembly Committee on Appropriations file

3   for Assembly Bill 569 (Doc. #14-1).  Plaintiff's RJN, Exhs. 1-3.

4   In support of its reply, Defendants request that this Court take

5   judicial notice of the order denying the motion to remand in the

6   case Gerardo Ayala v. Destination Shuttle Services LLC, et al.,

7   CV 1306141 GAF (PJWx) (C.D. Cal. Nov. 1, 2013) and the Bill

8   Analysis of Senate Bill 1255 by the California Assembly

9   Committee on Labor and Employment from the hearing held on June

10  20, 2012 (Doc. #16).  Defendants' Second RJN, Exhs. A, B.

11  Neither party objects to the opposing party's requests for

12  judicial notice.

13      A court may take judicial notice of a fact that is not

14  reasonably disputed if it "can be accurately and readily

15  determined from sources whose accuracy cannot reasonably be

16  questioned."  Fed. R. Evid. 201(b)(2).  CBAs are properly

17  considered materials that are not subject to reasonable dispute

18  and are therefore proper for judicial notice.  Densmore v.

19  Mission Linen Supply, 2016 WL 696503, at *4 (E.D. Cal. Feb. 22,

20  2016).  The Court grants Defendants' first RJN (Doc. #10).

21      Courts may also judicially notice legislative facts such as

22  "facts of which courts take particular notice when interpreting a

23  statute."  Korematsu v. United States, 584 F. Supp. 1406, 1414

24  (N.D. Cal. 1984).  Moreover, if the legislature's intent is not

25  clear from its language, a court may take judicial notice of

26  legislative history, including committee reports.  Ass'n des

27  Eleveurs de Canards et d'Oies du Quebec v. Harris, 729 F.3d 937,

28  945 n.2 (9th Cir. 2013).  Plaintiff's exhibits 1, 2, and 3, and

1  Defendants' Exhibit B from Defendants' second RJN are all

2  legislative history and are therefore proper for judicial notice.

3      Finally, courts are allowed to consider "matters of public

4  record."  <u>Northstar Fin. Advisors Inc. v. Schwab Investments</u>,

5  779 F.3d 1036, 1042 (9th Cir. 2015).  Defendants' Exhibit A from

6  Defendants' second RJN is a matter of public record and proper

7  for judicial notice.  For these reasons, the Court will take

8  judicial notice of Plaintiff's Exhibits 1, 2, and 3, and

9  Defendants' Exhibit A from Defendants' first RJN and Exhibits A

10 and B from Defendants' second RJN.

11      C.    <u>Analysis</u>

12      Defendants' motion argues that the first four causes of

13 action are preempted by the LMRA and that the second and third

14 causes of action are statutorily exempted.  If either the second

15 or third cause of action is statutorily exempted, the preemption

16 analysis for that claim is moot.  For that reason, the Court

17 will first address the issue of whether the second and third

18 causes of action are exempted before proceeding to the

19 preemption issue.

20          1.    <u>Second Cause of Action</u>

21      Pyara's second cause of action alleges that Defendants

22 failed to pay overtime as required by CLC section 510.

23 Defendants make two arguments in support of their motion for

24 judgment on the pleadings on this claim. First, Defendants argue

25 that the second cause of action is preempted by the LMRA.  Mot.

26 at 10.  Second, Defendants argue that the second cause of action

27 is statutorily barred under CLC section 514.  Mot. at 11.  In

28 opposition, Pyara contests Defendants' argument that the second

1   cause of action is preempted by the LMRA but concedes that the

2   claim is statutorily barred by Section 514.  Opp. at 3 n.1.

3       Overtime claims may not be brought by an employee who is

4   covered by a CBA that "expressly provides for the wages, hours of

5   work, and working conditions of the employees, and if the

6   agreement provides premium wage rates for all overtime hours

7   worked and a regular hourly rate of pay for those employees of

8   not less than 30 percent more than the state minimum wage."  Cal.

9   Lab. Code § 514.  Here, Plaintiff is covered by a CBA that

10  complies with the Section 514 requirements.  The terms of the CBA

11  expressly provide for wages (Art. VIII), working hours (Art. VI),

12  working employee conditions (Arts. V-VIII), and premium wage

13  rates for overtime worked (Art. VIII).  D RJN 1, Exh. A.  In

14  light of those CBA provisions, Pyara concedes that this claim

15  fails as a matter of law and the Court therefore grants the

16  motion for judgment on the pleadings with respect to the second

17  cause of action for failure to pay overtime.  Because the second

18  cause of action is statutorily barred, the Court need not address

19  whether the cause of action is also preempted by the LMRA.

20          2.   <u>Third Cause of Action</u>

21      In his third cause of action, Pyara alleges that Defendants'

22  policies and practices failed to provide employees with a meal

23  period after employees worked five continuous hours or a second

24  meal period when an employee worked in excess of ten hours.  By

25  failing to provide such meal periods, Defendants allegedly

26  violated CLC section 512(a).  Defendants moved for judgment on

27  the pleadings, arguing that the third cause of action is

28  preempted by the LMRA and statutorily barred under CLC section

7

512(e).  Mot. at 11.  In opposition, Pyara argues that the claim
is not statutorily barred because the CBA "does not provide for
more than one meal period, as the express language of § 512(e)
requires before the exemption will lie."  Opp. at 9.

An employers' meal period obligations under Section 512(a)
are not applicable to commercial drivers who are covered by a CBA
that "expressly provides for the wages, hours of work, and
working conditions of employees, and expressly provides for meal
periods for those employees, final and binding arbitration of
disputes concerning application of its meal period provisions,
premium wage rates for all overtime hours worked, and a regular
hourly rate of pay of not less than 30 percent more than the
state minimum wage rate."  Cal. Lab. Code §§ 512(e), (f).  Here,
the CBA satisfies all of the conditions set forth in Section
512(e) and (f).  It expressly provides for wages (Art. VIII),
hours of work (Art. VI), working conditions (Arts. V-VIII), meal
periods (Art.VI), final and binding arbitration procedures (Art.
XIV, Sec. 1), premium wage rates for overtime (Art. VIII), and an
hourly pay rate that is greater than 30 percent of the California
minimum wage (Art. VIII).  D RJN 1, Exh. A.  Pyara's Section
512(a) claim is thus exempted by Section 512(e).

Pyara argues that the Section 512(e) exemption to Section
512(a) only applies if the CBA provides more than one meal period
for any employee who works over ten hours.  Since the CBA in this
case explicitly bars more than one meal period for employees
working more than ten hours, Pyara argues that it does not meet
the requirements for the Section 512(e) exemption.  Pyara makes
two arguments in support of his interpretation of Section 512(e).

8

1    First, Pyara points out that Section 512(e) employs the plural

2    phrase "meal periods."  Second, Pyara argues that the legislative

3    history of the statute indicates that the Legislature was

4    concerned about public safety – a goal that would be furthered by

5    requiring two meal breaks.

6        With respect to Pyara's textual argument, the ordinary

7    meaning and underlying purpose of Section 512 do not compel

8    Pyara's proposed interpretation.  The term "meal periods" is

9    plural because the term "employees" is plural.  "Meal periods,"

10   as used in Section 512(e), is best construed as at least one meal

11   period per employee.  Moreover, the ability to bargain away a

12   second meal period is written into the statute itself: "if the

13   total hours worked is no more than 12 hours, the second meal

14   period may be waived by mutual consent of the employer and the

15   employee."  Cal. Lab. Code § 512(a).  "It would make no sense to

16   conclude that subdivision (a)'s requirements apply to an employee

17   who is explicitly exempted from them."  Araquistain v. Pac. Gas &

18   Elec. Co., 229 Cal. App. 4th 227, 236 (2014).  Pyara's textual

19   argument carries no weight.

20       As for Pyara's second argument regarding the legislative

21   history of Section 512(e), nothing in the legislative history

22   states that all commercial drivers must be given at least two

23   meal periods if they work longer than ten hours.  Certainly

24   safety was a concern of the Legislature, but the legislative

25   history also demonstrates that the exemption was provided to

26   afford commercial drivers and their employers with flexibility in

27   scheduling meal periods.  Plaintiff's Exh. 2.  The legislative

28   history supports Defendants' conclusion that Section 512(e) was

1  not intended to establish a non-negotiable right to two meal

2  periods for drivers such as Pyara who are covered by a valid CBA

3  that meets a strict set of labor protections.

4      Finally, Pyara has failed to cite to a single case in

5  support of his proposed interpretation of Section 512(e).

6  Pyara's citation to Murphy v. Kenneth Cole Prod., Inc., 40 Cal.

7  4th 1094 (2007) does not assist him.  Opp. at 12-13.  Murphy

8  refers to safety concerns surrounding CLC section 226.7, not

9  512(a).  Murphy, 40 Cal. 4th at 1113.  The court in Murphy was

10  concerned about the possible health hazards of not providing *any*

11  meal or rest periods, not the ability of parties to bargain away

12  a second meal period.  Id.  The court in Murphy does not conclude

13  that Section 512(e) requires employees to have two meal periods.

14      For these reasons, Pyara's third cause of action is

15  statutorily barred by Section 512(e) and judgment on the pleading

16  as to this claim is granted.  Given that the claim cannot

17  proceed, the Court need not determine whether it is also

18  preempted by the LMRA.

19          3.   Preemption

20      Defendants argue that the first and fourth causes of action

21  are preempted by Section 301 of the LMRA.  The LMRA is a

22  jurisdictional statute stating that "suits for violation of

23  contracts between an employer and a labor organization

24  representing employees in an industry affecting commerce . . .

25  may be brought in any district court of the United States."  29

26  U.S.C. § 185(a).  Federal law preempts claims directly founded

27  upon rights established by a CBA and claims that are

28  "substantially dependent" on analysis of a CBA.  Caterpillar v.

1   <u>Williams</u>, 482 U.S. 386, 394 (1987).  "The preemptive force of

2   section 301 is so powerful as to displace entirely any state

3   claim."  <u>Young v. Anthony's Fish Grottos, Inc.</u>, 830 F.2d 993,

4   997 (9th Cir. 1987).  Nevertheless, "not every dispute

5   concerning employment, or tangentially involving a provision of

6   a collective-bargaining agreement, is pre-empted by § 301 or

7   other provisions of the federal labor law."  <u>Allis-Chalmers</u>

8   <u>Corp. v. Lueck</u>, 471 U.S. 202, 211 (1985); <u>see also</u> <u>Associated</u>

9   <u>Builders & Contractors, Inc v. Local 302 Int'l Bhd. of Elec.</u>

10  <u>Workers</u>, 1997 WL 236296, at *1 (9th Cir. March 27, 1997)

11  (holding that extending preemption to permit parties to immunize

12  their conduct from state law by including it in a labor contract

13  "clearly exceeds the scope of § 301 preemption intended by

14  Congress").

15       Courts apply a two-pronged inquiry to determine whether

16  claims are preempted by Section 301.  <u>Burnside v. Kiewit Pac.</u>

17  <u>Corp.</u>, 491 F.3d 1053 (9th Cir. 2007); <u>Sciborski v. Pac. Bell</u>

18  <u>Directory</u>, 205 Cal.App.4th 1152 (2012).  First, courts "determine

19  whether a particular right inheres in state law or, instead, is

20  grounded in a CBA."  <u>Burnside</u>, 491 F.3d at 1060.  If the right

21  exists solely as a result of the CBA, then the claim is

22  preempted.  <u>Id.</u>  When determining whether a case arises from

23  state law or the CBA, courts are instructed to consider the

24  "legal character of the claim . . . independent of rights under

25  the collective-bargaining agreement."  <u>Livadas v. Bradshaw</u>, 512

26  U.S. 107, 123-24 (1994).  The mere fact that the claim could have

27  been pursued under the CBA does not establish preemption.  <u>Id.</u> at

28  124.  And "reliance on the CBA as an aspect of a defense is not

1   enough to inject a federal question into an action that asserts

2   what is plainly a state-law claim." Burnside, 491 F.3d at 1060.

3       If the claim exists independently from the CBA because it

4   arises under state law, the Court then applies the second prong

5   of the Burnside analysis: "whether [the] state law right is

6   substantially dependent on the terms of [the] CBA." Burnside,

7   491 F.3d at 1060.   A state law claim substantially depends on the

8   terms of a CBA if the Court must interpret the CBA.   Id.   The

9   word "interpret" is to be construed narrowly: "it means something

10  more than 'consider,' 'refer to,' or 'apply.'" Balcorta v.

11  Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir.

12  2000).   "If the claim requires interpretation of the CBA, the

13  claim is preempted; if the claim merely requires looking to the

14  CBA, it is not preempted." Densmore, 2016 WL 696503, at *4.

15              a.   First Cause of Action

16      Pyara's first cause of action alleges that Defendants

17  "breached the legal duty to pay full wages to Plaintiff by

18  automatically deducting a portion of the wages earned when

19  Plaintiff and the Class members' actual time records indicated

20  that a meal [or rest] period was not taken." Compl. ¶ 90.

21  Pyara also alleges that Defendants "failed to pay for the

22  overtime that was due." Id.   Pyara labels this cause of action

23  "wage theft/time shaving. Id. ¶¶ 87-94.   Defendants argue that

24  this claim is preempted by the LMRA because the right to meal

25  breaks, rest breaks, and overtime "exist[] entirely as a result

26  of the CBA." Mot. at 10.   In opposition, Pyara argues that

27  "this cause of action is not premised on Defendants' failure to

28  provide meal and rest periods as required by California law."

1    Opp. at 5.  Instead, Pyara argues that the claim simply "seeks

2    wages for time that he and the putative class members spent

3    working off the clock."  Opp. at 5.

4         "'Time-shaving' is the practice of doctoring hourly

5    employees' time sheets to reduce their pay."  In re Wal-Mart

6    Stores, Inc. Wage & Hour Litig., 505 F. Supp. 2d 609, 616 (N.D.

7    Cal. 2007).  California employees who do not receive their full

8    wages owed may bring an action to recover the unpaid balance.

9    Cal. Lab. Code § 1194(a) ("[E]mployees receiving less than the

10   legal minimum wage or the legal overtime compensation applicable

11   to the employee is entitled to recover in a civil action the

12   unpaid balance of the full amount of this minimum wage"); Cal.

13   Lab. Code § 204(a) ("[a]ll wages . . . earned by any person in

14   any employment are due and payable.").

15        Defendants' preemption argument fails.  Defendants cite

16   multiple CBA provisions that the Court will allegedly be

17   required to interpret to adjudicate this claim.  Reply at 2-4.

18   But none of these clauses reference Defendants' alleged policy

19   of automatically clocking out Pyara regardless of whether he

20   continued to work.  Even if the Court assumed that the rights to

21   overtime, meal periods, and rest periods "exist entirely as a

22   result of the CBA," the right to be paid for all of the hours

23   one works exists independently of the CBA.  See Cal. Lab. Code §

24   1194(a).  The Densmore case is instructive in this regard.  Just

25   as in this case, the plaintiff in Densmore alleges that

26   defendants violated state law by failing to provide workers with

27   all wages earned during a pay period.  Densmore, 2016 WL 696503

28   at *1. Here, just as in Densmore, the Court did not find "any

1  provision contained [in the CBA] that could pertain to this

2  cause of action." Id. at *10.

3      Moreover, Pyara appears to allege that Defendants engaged

4  in time shaving by not paying him for rest break periods, meal

5  break periods, overtime periods, and even regular time he

6  worked.  As discussed above, Pyara's claims for violations of

7  right to overtime and meal periods are respectively exempted by

8  CLC sections 514 and 512(e).  But those exemptions do not apply

9  to Pyara's allegations that Defendants failed to provide him

10 with rest periods and shaved time off of his regular time

11 worked.  In Kilbourne v. Coca-Cola Co., 2014 WL 11397891 (S.D.

12 Cal. July 14, 2014), a case similar to this one, the court

13 granted partial summary judgment on the plaintiff's wage theft /

14 time shaving cause of action.  The Court reasoned that "it is

15 unclear whether Plaintiff alleges a [wage theft / time shaving]

16 claim for either regular time or overtime or both." Kilbourne,

17 2014 WL 11397891, at *8.  The Court granted summary judgment on

18 this claim insofar as it rested on overtime violations because

19 the plaintiff's overtime claims were statutorily exempted under

20 CLC section 514.  Id.  But the Court permitted the case to move

21 forward on the issue of whether the defendant had engaged in

22 time shaving or wage theft with respect to the plaintiff's

23 regular time.  Id.

24      Given that this cause of action does not inhere in the CBA

25 but in state law, the LMRA does not preempt Pyara's first cause

26 of action for time shaving.  However, to the extent this cause

27 of action rests upon violations of overtime or meal periods, the

28 motion for judgment on the pleadings is granted because those

14

1   claims are statutorily barred.  To the extent that the time

2   shaving occurred on non-statutorily barred claims, the motion

3   for judgment on the pleadings is denied.

4                    b.    Fourth Cause of Action

5       Pyara's fourth cause of action alleges that Defendants

6   failed to authorize rest periods by having a policy of not

7   providing rest breaks and by assigning too much work for an

8   employee to complete within the assigned time frames.  Compl. ¶¶

9   121-135.   As with the third claim, Defendants argue that this

10  claim is preempted because it requires the Court to interpret

11  the CBA.  Mot. at 9.  Specifically, Defendants argue that

12  because Pyara challenges the manner and amount of work assigned,

13  the Court will be required to interpret the CBA by "analyz[ing]

14  the 'inextricably intertwined' CBA terms on job bidding, route

15  assignments, hours and overtime (Articles V, VII, and VIII), as

16  well as meal and rest periods (Article VI) to determine if

17  Defendants met their obligation to Plaintiff."  Id.  In

18  opposition, Pyara argues that the Court may need to reference

19  but not interpret the CBA because the relevant terms are clear.

20  Opp. at 8.

21      Applying the first step of the Burnside analysis, it is

22  clear that the basis of this claim is state law, not the CBA.

23  On the face of the complaint, Pyara alleges violations of CLC

24  section 226.7 and California Industrial Welfare Commission

25  ("IWC") Wage Order No. 9-2001.  Compl. ¶¶ 133-134.  Pyara does

26  not allege any federal cause of action or any CBA violation.

27  Id.  ¶¶ 121-135. Therefore, preemption is not appropriate under

28  the first prong of the Burnside inquiry.  The Court must next

1   determine whether this cause of action is preempted because it

2   substantially depends on the terms of the CBA, i.e. the Court

3   must examine whether, in analyzing the merits of this claim, it

4   is required to interpret provisions in the CBA. Burnside, 491

5   F.3d at 1060.

6       The Ninth Circuit has found that "'[s]ubstantial

7   dependence' on a CBA is an inexact concept, turning on the

8   specific facts of each case, and the distinction between

9   'looking to' a CBA and 'interpreting' it is not always clear or

10  amenable to a bright-line test." Cramer, 255 F.3d at 691.

11  But in this case, the CBA's rest break provisions are not

12  especially complex. D RJN 1, Exh. A at 6-7. And preemption is

13  not simply triggered by referencing unambiguous provisions in a

14  CBA. Livadas, 512 U.S. at 124 (concluding that "when the

15  meaning of contract terms is not the subject of dispute, the

16  bare fact that a collective-bargaining agreement will be

17  consulted in the course of state-law litigation plainly does not

18  require the claim to be extinguished."). Even if the Court was

19  required to determine whether Pyara waived his rights to a rest

20  period, the analysis would not rise to the level of

21  "interpretation." Cramer, 255 F.3d at 692 ("a court may look to

22  the CBA to determine whether it contains a clear and

23  unmistakable waiver of state law rights without triggering § 301

24  preemption.").

25      Additionally, "§ 301 cannot be read broadly to pre-empt

26  nonnegotiable rights conferred on individual employees as a

27  matter of state law." Livadas, 512 U.S. at 123. Pyara alleges

28  that Defendants failed to provide him with his state statutory

1  and regulatory rights regarding rest breaks.  In their moving

2  papers, Defendants do not argue that the right to rest breaks

3  established by IWC Wage Orders and the CLC are negotiable

4  rights.  This is notably different that the right to meal

5  periods, as discussed in section C(2) above.

6      Finally, while Defendants cite the CBA in defense of their

7  alleged practices and policies, "a defense based on the terms of

8  a CBA is not enough to require preemption."  Cramer v. Consol.

9  Freightways, Inc., 255 F.3d 683, 690 (9th Cir. 2001), as amended

10  (Aug. 27, 2001); Caterpillar, 482 U.S. at 399 ("a defendant

11  cannot, merely by injecting a federal question into an action

12  that asserts what is plainly a state-law claim, transform the

13  action into one arising under federal law, thereby selecting the

14  forum in which the claim shall be litigated") (emphasis in

15  original).

16      In sum, the Court finds that Pyara's fourth cause of action

17  is not preempted because it rests on a right created by state

18  law and is not substantially dependent on the terms of the CBA.

19  Further, Defendants have failed to demonstrate that the rights

20  asserted in this claim are negotiable.  Defendants also cannot

21  inject a federal question into state law claims by citing the

22  CBA as a defense.  The Court therefore denies the motion for

23  judgment as a matter of law on the fourth cause of action.

24          4.   Fifth Cause of Action

25      Pyara's fifth cause of action alleges that Defendants

26  violated CLC section 226(a) by knowingly failing to provide wage

27  statements that accurately reflected the total hours worked and

28  total wages earned by Pyara.  Compl. ¶ 137.  Defendants argue

1    that this claim fails because courts do not permit Section

2    226(a) claims "based on alleged meal and rest period

3    violations."  Mot. at 12.  In opposition, Pyara argues that this

4    claim is "not entirely dependent on Defendants failure to

5    provide compliant meal and rest periods," but "[r]ather, they

6    are in part predicated on Defendants' failure to provide

7    compliant meal and rest periods under Sections 226.7 and 512(a),

8    and then *failing to accurately reflect the time actually worked*

9    *and the appropriate wages earned in Plaintiffs' wage statements*

10   *as a result*."  Id. (emphasis in original).

11       Defendants are correct.  As the court found in Jones v.

12   Spherion Staffing LLC, 2012 WL 3264081, at *9 (C.D. Cal. Aug. 7,

13   2012), permitting a plaintiff to use violations of meal and rest

14   period regulations to form the basis of a CLC section 226 claim

15   "would result in an improper multiple recovery by the employee."

16   And multiple courts have found that permitting such claims to

17   move forward would be directly contrary to the purpose of

18   Section 226; namely, "to ensure that employers provide accurate

19   wage statements to employees, not to govern employers'

20   obligations with respect to meal periods."  Nguyen v. Baxter

21   Healthcare Corp., 2011 WL 6018284, at *8 (C.D. Cal. Nov. 28,

22   2011); Jones, 2012 WL 3264081, at *7 ("the legislative history

23   shows that the purpose of Section 226 was for transparency, not

24   for double recovery").  Moreover, Pyara's argument that his

25   claim is based on the failure to accurately reflect the actual

26   time he worked is not a compelling distinction because he

27   concedes that the inaccuracy is based on Defendants' failure to

28   provide compliant meal and rest periods.  For these reasons, the

1    Court grants the motion for judgment on the pleadings on Pyara's

2    fifth cause of action.

3            5.   Derivative Causes of Action—Sixth Through Tenth

4        Both parties agree that the sixth through tenth causes of

5    action are derivative of causes of action one through four and

6    therefore survive only insofar as causes of action one through

7    four survive.  Mot. at 13 ("Because these claims are dependent

8    on the underlying claims, they fail to the extent they are

9    derivative of any earlier-pleaded claim that is subject to

10   dismissal."); Opp. at 15 ("Plaintiff's fifth through tenth

11   causes of action are derivative of his other causes of

12   action.").  Since the first and fourth causes of action survive

13   the motion for judgment on the pleadings, the sixth through

14   tenth causes of action survive as derivative actions.  The

15   motion for judgment on the pleadings as to the sixth through

16   tenth causes of actions is denied.

17       D.   Sanctions

18       The Court issued its Order re Filing Requirements for Cases

19   Assigned to Judge Mendez ("Order") on June 5, 2015 (Doc. #2-2).

20   The Order requires that reply memoranda in support of a motion

21   to dismiss be limited to five pages.  The Order further states

22   that violations of the page limit will result in the imposition

23   of monetary sanctions against counsel in the amount of $50.00

24   per page.  Defendants' reply memorandum (Doc. #15) is ten pages

25   long.  As such, the Court imposes sanctions against counsel for

26   Defendants in the amount of $250.00, and the Court has not

27   considered any arguments made after page five of Defendants'

28   reply memorandum.

1                          III.   ORDER

2        For the reasons set forth above, the Court GRANTS WITH

3  PREJUDICE Defendants' motion for judgment on the pleadings on

4  Pyara's second, third, and fifth causes of action.  The Court

5  DENIES Defendants' motion for judgment on the pleadings on

6  Pyara's first cause of action, except to the extent this claim

7  rests upon violations of overtime or meal periods; fourth cause

8  of action; and sixth through tenth causes of action.  Counsel for

9  Defendants is ordered to pay $250.00 in sanctions to the Clerk of

10  the Court within five days of the date of this Order.

11        IT IS SO ORDERED.

12  Dated: July 19, 2016

13

14                                    JOHN A. MENDEZ,
                                      UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    20