UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS PYARA on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>        Plaintiffs,<br><br>   v.<br><br>SYSCO CORPORATION; SYSCO SACRAMENTO, INC., A California Corporation; and DOES 1-100,<br><br>        Defendants. | No.  2:15-cv-01208-JAM-KJN<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |

Plaintiff Chris Pyara ("Pyara" or "Plaintiff") filed this wage and hour case against Sysco Corporation and Sysco Sacramento, Inc. (collectively "Sysco" or "Defendants") in April 2015, on behalf of himself and similarly situated Sysco employees. ECF No. 1-1. Pyara now seeks leave to amend his complaint. ECF No. 20. Sysco opposes amendment. ECF No. 24.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 18, 2016.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Pyara worked for Sysco as a non-exempt truck driver from October 31, 2011 to November 27, 2013. Tzintun Decl. ¶¶ 2-3, ECF No. 1-5. Pyara sued Sysco in California state court, and Sysco removed the case to this Court under the Class Action Fairness Act. Notice of Removal at 1, ECF No. 1. Pyara alleged ten causes of action in his complaint. Compl. at 2. In July 2016, the Court granted Sysco's motion for judgment on the pleadings on three of Pyara's causes of action. Order Granting in Part and Denying in Part Defs.' Mot. for J. on the Pleadings ("Jul. 20, 2016 Order") at 20, Jul. 20, 2016, ECF No. 18.

In August 2015, the parties submitted a Joint Scheduling Report ("JSR"). ECF No. 7. In the JSR, the parties "jointly request[ed] that the Court make the deadline to amend the pleadings coextensive with the discovery cut-off deadlines . . . [and] defer setting a discovery cut off until after the Court rules on class certification issues." Id. at 4-5. The JSR also indicated that "[b]oth parties agree that the deadline to amend the pleadings and/or add parties should be the same as the Class Certification Motion Filing Deadline or some reasonable time thereafter." Id. at 9.

Over objections by Sysco, the Court extended the motion for class certification hearing twice. See ECF Nos. 22, 23, 31, 32. The class certification hearing is currently set for February 7, 2017. Order Granting Ex Parte Appl. at 2, Nov. 10, 2016, ECF No. 32.

Pyara now seeks leave to amend to add one new cause of action to his complaint: a claim for violation of Labor Code

2

Sections 221 and 2802 for failure to reimburse/illegal deductions of business related expenses ("Section 2802 claim").  Mot. to Amend at 1.

## II.   Judicial Notice

In support of its opposition to Pyara's motion, Sysco asks this Court to take judicial notice of complaints filed in two cases: <u>John Martin v. Sysco Central California</u>, Inc., Case No. 1:15-cv-990-DAD-SAB (E.D. Cal.) and <u>Toiyagudah Stone v. Sysco Corp.</u>, Case No. 1:16-cv-1145-DAD-JLT (E.D. Cal.).  Defs.' Req. for Judicial Notice ("RJN") at 1-2, ECF No. 25.

A court may take judicial notice of a fact if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2). Courts may take judicial notice of "court filings and other matters of public record."  <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

The complaints attached to Sysco's request for judicial notice as Exhibits A and B are matters of public record and proper for judicial notice.  The Court therefore takes judicial notice of the complaints filed in the <u>Martin</u> and <u>Stone</u> cases.

## III.   OPINION

A.   <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 15, a litigant may amend his complaint once within twenty-one days of serving it. Fed. R. Civ. P. 15(a)(1)(A).  After the twenty-one day deadline has passed, "a party may amend its pleading only with the

3

opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend "lies within the sound discretion of the trial court." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185-86 (9th Cir. 1987) (citations omitted). "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." U.S. v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). In deciding a request for leave to amend, a court considers "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 1999). "[D]elay, by itself, is insufficient to justify denial of leave to amend." DCD Programs, 833 F.2d at 186. On the other hand, futility of amendment alone can justify such denial. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

The party opposing amendment carries the burden of showing why leave to amend should not be granted. Dong Ah Tire & Rubber Co. v. Glasforms, Inc., 2009 WL 667171, at *1 (N.D. Cal. Mar. 10, 2009). Additionally, a court should draw all inferences in favor of granting leave to amend. Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999).

B. Analysis

Sysco argues that the Court should deny Pyara's motion to amend for three reasons: (1) Pyara unduly delayed in seeking leave to amend, (2) allowing Pyara to amend his complaint would prejudice Sysco, and (3) amendment is futile. Opp'n at 4-8. Sysco does not argue that Pyara's motion is made in bad faith,

and Pyara has not previously amended his complaint in this litigation.

### 1. Delay

Sysco argues that Pyara unduly delayed in seeking amendment because Pyara and his counsel knew before filing this action that Pyara had a potential Section 2802 claim. Opp'n at 2. Sysco cites to the complaints in the judicially noticed cases Martin and Stone. Id. at 5. In both Martin and Stone, the plaintiffs have the same counsel as Pyara and assert Section 2802 claims in their complaints. See RJN Exs A, B. Sysco argues that Pyara's counsel, having asserted Section 2802 claims in at least two other cases, should have investigated the possibility of a Section 2802 cause of action in Pyara's case. Opp'n at 5.

Pyara states that "he was not aware that drivers employed by Sysco Sacramento, Inc. used their personal cell phones at the time of the filing the original complaint." Mot. to Amend at 9. Pyara explains that he did not seek to amend his complaint in June 2016, when Plaintiff's counsel filed Martin and Stone, because Pyara "was still evaluating whether [a Section 2802 claim] may also be viable in this case." Reply at 3. Pyara states that he wanted to take the deposition of Sysco's person-most-knowledgeable ("PMK") before seeking leave to amend. Id. Plaintiff avers that the deposition of Sysco's PMK showed that Sysco violated Section 2802, and Pyara "promptly sought leave to amend his complaint" following that deposition. Id. Pyara argues that he "should not be penalized for investigating these claims before seeking leave to amend." Id.

1          Sysco argues that Pyara's request to amend should be denied
2    because "amendments are untimely when a plaintiff seeks to
3    incorporate facts that were available to the plaintiff when he
4    filed his complaint."  Id. at 4-5.  Sysco cites to Kaplan v.
5    Rose, 49 F.3d 1363 (9th Cir. 1994), Fresno Unified School
6    District v. K.U., 980 F. Supp. 2d 1160 (E.D. Cal. 2013), and
7    Dong Ah, 2009 WL 667171, at *3.  In each of these cases, the
8    court denied leave to amend, but not solely because the
9    predicate facts were available to the plaintiff at the outset of
10   the litigation.  In Kaplan, the appellate court affirmed the
11   trial court's denial of leave to amend because the trial was
12   only two months away, discovery had been completed, and the
13   plaintiff had already amended the complaint twice.  Kaplan, 49
14   F.3d at 1370.  In Fresno, the party requesting amendment sought
15   a "nearly wholesale amendment of her counter claim (sic)."
16   Fresno, 980 F. Supp. 2d at 1176.  The court noted that the
17   amendment would "fundamentally alter[] the nature of the case,
18   which previously focused on a single issue."  Id. at 1178.  The
19   court elaborated that "[w]hen an amendment merely incorporates
20   alternative theories using existing facts, it falls safely
21   within Rule 15(a)'s policy of promoting litigation on the merits
22   over procedural technicalities . . . [b]ut when . . . a party
23   proposes a late-tendered amendment that would fundamentally
24   change the case . . . the amendment may be appropriately
25   denied."  Id.  Finally, in Dong Ah, fact discovery had closed
26   and the dispositive motion deadline had passed.  Dong Ah, 2009
27   WL 667171, at *3.  Unlike the cases cited by Sysco, here,
28   discovery has not yet closed and the dispositive motion deadline

1   has not been set, let alone passed.  Sysco has failed to cite
2   any cases where a court has denied leave to amend when discovery
3   is still open and the dispositive motion deadline has not
4   passed.
5       Sysco next argues that Mr. Pyara and his counsel cannot
6   both assert that they did not know of a potential Section 2802
7   claim when they filed the suit and purport to adequately
8   represent the putative class.  Opp'n at 5.  The Court is
9   concerned about whether Mr. Pyara has standing to bring a
10  Section 2802 claim if he "was not aware" that other drivers used
11  their cell phones for business purposes.  However, Sysco has not
12  asserted a standing argument, and that issue is not before the
13  Court.  Whether Mr. Pyara is an appropriate class action
14  plaintiff for this litigation and whether his counsel can
15  adequately represent the putative class are likewise not before
16  the Court at this time.  Additionally, Sysco does not provide
17  any case law to support the argument that leave to amend should
18  be denied because of a representativeness issue with the
19  plaintiff or the putative class counsel.
20          2.   Prejudice
21      The party opposing amendment must show "substantial"
22  prejudice to overcome Rule 15(a)'s liberal amendment policy.
23  Dong Ah, 2009 WL 667171, at *2.  "Neither delay resulting from
24  the proposed amendment nor the prospect of additional discovery
25  needed by the non-moving party itself constitutes a sufficient
26  showing of prejudice."  Id.
27      Sysco argues that allowing Pyara to amend his complaint
28  would prejudice Sysco for four reasons:

7

>  (1) Defendants have already conducted written discovery as to Plaintiff's claims; (2) Defendants already have filed and briefed a dispositive motion upon which the Court already has ruled; (3) during the 18 months since Plaintiff filed his Complaint, the recollection of witnesses undoubtedly has deteriorated; and (4) Plaintiff's egregious, unexplained delay alone raises a presumption of prejudice against Defendants.

Opp'n at 6.

Pyara argues that amendment will not prejudice Sysco because neither the discovery nor dispositive motion deadline has passed. Reply at 3. Additionally, Pyara notes that Sysco has "not yet conducted the deposition of Plaintiff [and] Defendants will be able to conduct discovery as to all of Plaintiff's causes of action, including the additional claim under Labor Code § 2802." Id. Pyara further argues that any additional written discovery will pertain only to one new cause of action and that "any documents that pertain to this cause of action are in Defendants' custody and control." Id. Lastly, Pyara points out that "no trial date is pending and a pretrial conference has not been scheduled." Id. at 4.

Sysco can still conduct discovery and file dispositive motions. And any delay caused by additional discovery does not alone constitute prejudice that justifies denying leave to amend. As such, Sysco has not shown "substantial" prejudice to preclude the Court from allowing Pyara to amend his complaint.

### 3. Futility

"[T]he general rule that parties are allowed to amend their pleadings does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." Novak v. U.S., 795 F.3d 1012,

1  1020 (9th Cir. 2015) (citations omitted).  "The showing of
2  futility must be 'strong' to warrant a departure from the
3  liberal application of Rule 15(a)."  Dong Ah, 2009 WL 667171, at
4  *2.  Federal courts determine the legal sufficiency of a
5  proposed amendment under the Rule 12(b)(6) standard.  Gibson
6  Brands, Inc. v. John Hornby Skewes & Co., Ltd., No. CV 14-00609
7  DDP(SS), 2015 WL 4651250, at *4 n.4 (C.D. Cal. Aug. 4, 2015).
8  The Court will therefore consider whether Plaintiff's
9  allegations, taken as true, state a plausible claim for relief.
10      Sysco argues that Pyara's proposed amendment is futile
11  because a Section 2802 claim "requires that the expenditure or
12  loss incurred by the employee is necessary, which in turn
13  depends on the reasonableness of the employee's choices."  Opp'n
14  at 7.  Sysco argues that it did not require drivers to use their
15  own cellphones and that "[a]ny purported choice by Plaintiff to
16  use his private cell phone instead of the equipment [provided]
17  is unreasonable and does not constitute an actionable
18  expenditure."  Id. at 8.
19      Pyara counters that his proposed additional cause of action
20  "states facts which, if proven, constitute a valid claim."
21  Reply at 4.  In Pyara's proposed First Amended Complaint
22  ("FAC"), he alleges that Sysco had a "consistent policy and/or
23  practice of willfully failing to reimburse Plaintiff and those
24  similarly situated for the use of their personal cell phones to
25  conduct and further [Sysco's] business practices, in direct
26  consequence of discharging their work duties."  Mot. to Amend,
27  Ex. 2. These allegations are sufficient to state a plausible
28  Section 2802 claim against Sysco.  The Court thus finds that

allowing Pyara to amend his complaint is not futile.

### 4. Costs

A court may, in its discretion, impose conditions on granting leave to amend, including awarding costs to the party opposing amendment. Gen. Signal Corp. v. MCI Telecommunications Corp., 66 F.3d 1500, 1514 (9th Cir. 1995). Sysco asks the Court to "require Plaintiff to pay the sum of $4,000.00 to Defendants to compensate Defendants for additional costs that have been and will be incurred by Defendant." Opp'n at 9.

The Court declines to award costs to Sysco because Sysco has not shown that it will be prejudiced by the proposed amendment. See Willner v. Manpower Inc., 2013 WL 3339443, at *4 (N.D. Cal. Jul. 1, 2013) (declining to impose costs requested by defendant because defendant had not shown that it would be prejudiced by the proposed amendments).

### IV. ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion for Leave to Amend. The Court declines to deem the FAC submitted with Plaintiff's motion as filed because the submitted FAC contains causes of action that the Court dismissed with prejudice in its July 20, 2016 Order. Plaintiff shall file his FAC consistent with the July 20, 2016 Order within 20 days of the date of this order. Defendant's responsive pleading shall be filed within 20 days thereafter.

IT IS SO ORDERED.

Dated: November 23, 2016

*/s/ John A. Mendez*
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE