UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS PYARA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SYSCO CORP., SYSCO SACRAMENTO, INC.,<br><br>　　　　Defendants. | No.　2:15-cv-01208-JAM-KJN<br><br>**SUPPLEMENT TO COURT'S RULING DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

　　　On March 7, 2017, this Court denied Plaintiff's Motion for Class Certification.  ECF No. 50.  The Court ruled from the bench and orally stated the reasons for its ruling.  This Supplement concerns Plaintiff's request to certify a "Reimbursement Subclass," which the Court did not specifically address in its oral order.  The Court's reasons for denying Plaintiff's motion to certify this particular subclass are described below.

　　　Plaintiff claims that some class members are owed reimbursement for expenses incurred due to the required use of their personal cell phones.  The evidence supports the claims that class members sometimes used their phones for work, <u>see</u> Perez Depo. 61:25-62:2; Turley Decl. Exh. C (employee

1

declarations), that they did not receive reimbursements for the use of their personal cell phones at work, Perez Depo. at 63:9-11, and that Defendant has a reimbursement policy for business expenses, Def. Exh. 8 at 14. It is also undisputed that Defendant provided (Nextel) phones for work purposes. Plaintiff contends that because these phones have poor connectivity and service, are rarely charged, and because "supervisors keep a list of drivers' personal cell phone numbers in order to contact them during the work," class members were required to use their phones and should receive reimbursement. Mot. CC at 10.

Pursuant to Cal. Labor Code § 2802 an employer must "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties[.]" "In calculating the reimbursement amount due under section 2802, the employer may consider not only the actual expenses that the employee incurred, but also whether each of those expenses was 'necessary,' which in turn depends on the reasonableness of the employee's choices." Gattuso v. Harte-Hanks Shoppers, Inc., 42 Cal.4th 554, 568 (2007). "To prove violation of this section, a plaintiff must demonstrate: (1) that he incurred expenses as an employee of the Defendant; (2) that those expenses were reasonably necessary to the discharge of his duties; and (3) that the employer did not reimburse the plaintiff." Epinoza v. West Coast Tomato Growers, LLC, 14-CV-2984 W (KSC), 2016 WL 4468175, at *4 (S.D. Cal. Aug. 24, 2016) (citing Gattuso). An employer must reimburse an employee for the reasonable expense of the required use of a personal cell phone. Cochran v. Schwan's Home Service, Inc., 228

Cal. App. 4th 1137, 1144 (2014).

Plaintiff presents some evidence that supports a commonality finding. The evidence indicates Defendant had a policy requiring drivers to use a company-issued phone for business and drivers were reminded at meetings not to use their cell phones for work. Perez Decl. at ¶ 11; Def. Exh. 6; Perez Depo. at 63:14-64:11. However, Plaintiff provides declarations stating that drivers used their own phones to communicate with supervisors and that supervisors called the drivers' phones, see, e.g., O'Vermyer Decl. at ¶ 7, and both depositions indicate that supervisors did so to some extent, see Pyara Depo. at 166:15-20; Perez Depo. at 62:17-22 (admitting that, to his knowledge, supervisors do sometimes call the driver's phone). As to the reason why, Mr. Perez's and Mr. Pyara's deposition testimony both indicate that there were some issues with the Nextel devices. Perez Decl. at 64:15-66:8 (admitting that he's heard a couple of concerns about connectivity in some areas, but surmising that drivers use their phones out of convenience because they choose not to call from the next stop or try to use the Nextel as instructed); Pyara Decl. at 88 ("Just everybody used their cell phones I remember . . . those Nextels were very unreliable and they were – rarely ever charged[.]"). Thus, there is evidence that supervisors regularly called drivers on their personal cell phones and that there were problems with the company issued devices.

Even if commonality is found, common questions do not predominate over individualized questions in light of the nature of the claim and the evidence provided. The "necessity" of utilizing one's own phone for work purposes will vary by

3

individual.  A number of variables will factor into the inquiry: did some supervisors rely on contacting drivers via their personal phones more heavily than others?  Was that due to the drivers' preference?  Was a customer's phone available for them to use, as Defendant suggests?  How bad did the Nextel connection have to become before the driver felt compelled to use his own phone?  Did the Nextel connection vary by route?  Or device?  This element of Plaintiff's claim will be based on individualized facts and is not well suited to class disposition without evidence of a policy or set of facts that clearly required or compelled the class members to use their personal phones.

Other courts have denied class certification in similar situations.  For instance, in Morgan v. Wet Seal, Inc., the plaintiff claimed that store employees were required to purchase the employer's clothing.  210 Cal. App. 4th 1341 (2012).  The California appellate court affirmed denial of certification because the written policy did not require such purchase and the anecdotal evidence supplied in the parties' affidavits showed differences in the instructions employees received.  See id. at 1357 (quoting from the trial court: "individualized inquiries would be necessary in order to determine whether any given purchase [or expense] by an employee constituted a 'necessary expenditure' within the meaning of section 2802.").  In Tokoshima v. Pep Boys Manny Moe & Jack of Cal., the district court denied class certification for a reimbursement claim because each employee's decision to purchase tools that the employer did not provide would need to be scrutinized to determine whether it was a necessary expenditure.  No. C-12-4810-CRB, 2014 WL 1677979, *8-

4

9.  As in those cases, no common method of proof has been shown and thus this question is too individualized for class treatment to be an effective method of litigation. Plaintiff's motion for class certification of this subclass is therefore denied.

IT IS SO ORDERED.

Dated: March 8, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE